IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| | ) | CRIMINAL NO. 3:17cr __124__ |
| | ) | |
| | ) | 18 U.S.C. § 1349 |
| | ) | Conspiracy to Commit Mail & Wire Fraud |
| | ) | (Count 1) |
| v. | ) | |
| | ) | 18 U.S.C. § 1341 |
| | ) | Mail Fraud |
| | ) | (Counts 2 and 3) |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| MICHAEL COOPER | ) | (Counts 4 and 5) |
| (Counts 1 – 7), | ) | |
| | ) | 18 U.S.C. § 1957 |
| and | ) | Engaging in Unlawful Monetary Transactions |
| | ) | (Count 6) |
| DUSTIN FAULKNER | ) | |
| (Counts 1 – 6), | ) | 18 U.S.C. § 1512(c)(1) |
| | ) | Tampering with Documents or Proceedings |
| *Defendants.* | ) | (Count 7) |
| | ) | |
| | ) | Forfeiture Notice |

**INDICTMENT**

SEPTEMBER 2017 TERM – At Richmond, Virginia

THE GRAND JURY CHARGES THAT:

**GENERAL ALLEGATIONS**

1.      Defendant MICHAEL COOPER was the founder and operator of various entities, including Homeland Arbitration LLC, Smith Associates, P.A., and Cohen Associates, LLP (collectively "Smith Associates"). Homeland Arbitration was purportedly located in Wilmington, Delaware; Smith Associates, P.A., was purportedly located in Richmond, Virginia;

and Cohen Associates was purportedly located in New York, New York. In fact, all three entities were based in Pompano Beach, Florida.

2. Defendant DUSTIN FAULKNER worked for each of the three entities in positions of responsibility and authority.

3. COOPER founded the first of the three entities in or around 2012, and thereafter COOPER and FAULKNER operated the entities collectively described as Smith Associates until in or about May of 2016.

## COUNT ONE
(Conspiracy to Commit Mail & Wire Fraud)

4. The allegations in paragraphs 1 through 3 of this indictment are realleged and incorporated as though set forth in full here.

5. From in or about 2012 through in or about May 2016, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, the defendants, MICHAEL COOPER and DUSTIN FAULKNER, knowingly and intentionally combined, conspired, confederated and agreed with others known and unknown to commit offenses against the United States, to wit:

   a. Mail Fraud, that is, to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice did knowingly place and caused to be placed in any post office and authorized depository for mail matter, any matter and thing whatever to be sent and delivered by the Postal Service; deposit and caused to be deposited any matter and thing whatever to be sent and delivered by any private and commercial interstate carrier; and, caused to be

      delivered by mail and such carrier any matter and thing whatever according to the direction thereon, in violation of Title 18, United States, Code, Section 1341, and,

b. Wire Fraud, that is, to devise a scheme or artifice to defraud or obtain money and property by materially false or fraudulent pretenses, representations, or promises, and that in advancing, furthering, or carrying out that scheme or artifice to defraud, did transmit or caused to be transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce, in violation of Title 18, United States Code, Section 1343.

6.     The purpose of the conspiracy was for COOPER, FAULKNER, and others known and unknown, to personally profit by misleading credit card issuers and credit card customers to obtain refunds or "charge-backs" of funds paid by credit card customers to certain companies.

The Ways, Manner, and Means of the Conspiracy

The ways, manner, and means by which the defendants and their fellow conspirators sought to accomplish the conspiracy included, but were not limited to, the following:

7.     COOPER, and others, identified customers of companies that offered to assist individuals in setting up and/or managing an Internet presence for their small businesses. COOPER, and others, contacted these individuals and suggested that the companies the individuals employed were scams and/or had violated Payment Card Industry regulations (generally based on the way the individuals were billed). The conspirators then offered to obtain a refund or "charge-back" of the money the individuals had paid these companies, through arbitration or some other legitimate process.

8.     If an individual engaged Smith Associates to supposedly arbitrate on his behalf, he typically provided Smith Associates detailed information to support his claim, including

personal identifying information, copies of contracts or other correspondence with these companies, and credit card statements containing the disputed charges. These individuals also agreed to pay Smith Associates 40 percent of the amount recovered on their behalf.

9. Smith Associates did not actually arbitrate on behalf of clients. Instead, COOPER, FAULKNER, and others impersonated clients by using their personal information and account numbers to contact credit card companies and dispute charges. Typically, COOPER, FAULKNER, and others claimed that these charges should be refunded due to an alleged breach of contract and/or non-delivery of goods and services. To support these false claims, the conspirators fabricated contracts and other documents which they submitted to credit card companies.

10. COOPER, FAULKNER, and others did not inform their clients that Smith Associates would impersonate the clients with credit card companies, or submit fabricated documents to credit card companies to obtain refunds, and did not obtain their clients' authorization to do so.

11. Credit card companies notified COOPER, FAULKNER, and other conspirators posing as clients when the credit card companies issued a refund to a client's credit card account. Smith Associates would then issue an invoice to the client, and charge the client's credit card for 40 percent of the refunded amount. Smith Associates' charges were processed by a credit card processing company that used Chesapeake Bank in Kilmarnock, Virginia, to transfer payments to a JP Morgan Chase Bank account controlled by COOPER.

12. In lieu of paying by credit card, some clients tried to mail checks to the fictitious address(es) where Smith Associates purported to be located, including an address on West Cary Street, in Richmond, Virginia.

13.     As a result of this conspiracy, COOPER, FAULKNER, and others fraudulently obtained over $3 million from credit card customers via the "40 percent" agreement with them.

14.     On or about December 8, 2015, during an ongoing federal grand jury investigation, and to conceal the above-described scheme and artifice to defraud, COOPER remotely accessed and erased data from Smith Associates' computers that were located at Smith Associates' physical address in Margate, Florida, knowing that federal agents were in the process of executing a search warrant.

(All in violation of Title 18, United States Code, Section 1349.)

## COUNTS TWO AND THREE
(Mail Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

15. The allegations in paragraphs 1 through 14 of this indictment are realleged and incorporated as though set forth in full here.

16. On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, the defendants, MICHAEL COOPER and DUSTIN FAULKNER, and others known and unknown, knowingly caused to be delivered by mail and any private and commercial interstate carrier the following items, each mailing constituting a separate count of this indictment:

| Count | Date of Delivery | Item Mailed |
|---|---|---|
| 2 | November 28, 2014 | A mailing containing a $240 payment from Smith Associates client C.M. to be delivered, via the United States Postal Service, from C.M. in El Paso, Texas to a UPS Store located on West Cary Street in Richmond, Virginia. |
| 3 | December 12, 2015 | A mailing containing a $3,198 payment from Smith Associates client N.C. to be delivered, via the United States Postal Service, from N.C. in Dillard, Georgia to a UPS Store located on West Cary Street in Richmond, Virginia. |

(All in violation of Title 18, United States Code, Sections 1341 and 2.)

6

## COUNTS FOUR AND FIVE
(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

17. The allegations contained in paragraphs 1 through 14 of this indictment are realleged and incorporated as though set forth in full here.

18. On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, for the purposes of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, defendants MICHAEL COOPER and DUSTIN FAULKNER, knowingly caused to be transmitted by means of wire communication in interstate commerce, the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count of this indictment:

| Count | Date of Wire | Wire Communication |
|---|---|---|
| 4 | October 24, 2014 | A wire communication of a $1,796 payment by Smith Associates client C.C. from C.C.'s credit card provider First National Bank of Omaha, located in Omaha, Nebraska, to Chesapeake Bank, located in Kilmarnock, Virginia. |
| 5 | April 9, 2015 | A wire communication of a $3,040 payment by Smith Associates client R.H. from R.H.'s credit card provider Redstone Federal Credit Union, located in Huntsville, Alabama, to Chesapeake Bank, located in Kilmarnock, Virginia. |

(All in violation of Title 18, United States Code, Sections 1343 and 2.)

## COUNT SIX
(Engaging in an Unlawful Monetary Transaction)

THE GRAND JURY FURTHER CHARGES THAT:

19. The allegations contained in paragraphs 1 through 14 of this indictment are realleged and incorporated as though set forth in full here.

20. On or about April 9, 2015, in the Eastern District of Virginia, defendants MICHAEL COOPER and DUSTIN FAULKNER knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the defendants caused the transfer of $14,912.72 in U.S. currency from an account at Chesapeake Bank, located in Kilmarnock, Virginia, to a bank account controlled by COOPER and held in the name of FIAD Services at a JP Morgan Chase Bank located in Pompano Beach, Florida, such property having been derived from specified unlawful activity, that is, Wire Fraud, in violation of Title 18 United States Code, Section 1343.

(In violation of Title 18, United States Code, Sections 1957(a) and 2.)

## COUNT SEVEN
(Tampering with Documents or Proceedings)

THE GRAND JURY FURTHER CHARGES THAT:

21. The allegations contained in paragraphs 1 through 14 of this indictment are realleged and incorporated as though set forth in full here.

22. On or about December 8, 2015, the defendant, MICHAEL COOPER, corruptly altered, destroyed, mutilated, and concealed a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, a federal grand jury investigation in the Eastern District of Virginia.

(In violation of Title 18, United States Code, Section 1512(c)(1)).

## FORFEITURE ALLEGATION

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendants are hereby notified that upon conviction of any offenses alleged in Counts One through Five, and Seven of this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged.

The defendants are further notified that upon conviction of the offense alleged in Count Six of this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in the offense, or any property traceable to such property.

Property subject to forfeiture includes, but is not limited to, the following:

**$113,550.58 in funds seized from JP Morgan Chase Bank Account # ending in –2881 on December 8, 2015.**

**The sum of at least $3,768,106.40, representing the proceeds of the offenses charged, to be offset by the forfeiture of any specific property, constituting substitute assets for the proceeds.**

If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C), incorporated by Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c).)

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Thomas A. Garnett
Katherine Lee Martin
Assistant United States Attorneys